UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LONNIE W. LAWSON,

    Petitioner,

v.                                            Case No. 5:06-cv-40-Oc-10GRJ

WARDEN, FCC COLEMAN— USP

    Respondent.

## ORDER DENYING PETITION

Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging the computation of his sentence by the Bureau of Prisons (BOP). Petitioner is now proceeding on an Amended Petition. (Doc. 6). Respondent maintains Petitioner is not eligible for an award of prior custody credit and requests the Court to deny the Petition.[1] (Doc. 11).

## Factual and Procedural History

Petitioner is currently incarcerated at the United States Penitentiary in Beaumont, Texas pursuant to a conviction and sentence from the Western District of Missouri. Petitioner is serving a 96-month federal sentence followed by a five-year term of supervised release pursuant to a conviction of Carrying a Firearm in

---

[1] The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

Relation to a Drug Trafficking Crime in violation of Title 18 U.S.C. §924(C)(1).[2] Petitioner's projected release date is March 4, 2011.

On November 21, 2000, Petitioner was arrested by a Carterville Missouri police officer for Driving While Intoxicated.[3] The State of Missouri charged Petitioner with"DWI-Alcohol-Persistent Offender [Felony D RSMo: 577.010] on December 19, 2000.[4] On December 21, 2000, Petitioner appeared for arraignment.[5] On December 27, 2000, Petitioner was released from custody after posting a surety bond.

Petitioner was arrested on new unrelated charges on at least five occasions before Petitioner's jury trial for the DWI offense.[6] Petitioner's jury trial, scheduled on November 5, 2001, resulted in a guilty verdict.[7] The state court sentenced Petitioner to 5 years in the custody of the Department of Corrections in the Long Term Substance Abuse Program under Mo. Rev. Stat. §217.362(2000). On March 11, 2002, Petitioner arrived in custody to the Missouri Department of Corrections and was given 152 days jail credit from October 10, 2001 to March 10, 2002.[8]

One of Petitioner's arrests before his jury trial for the DWI offense was after

---

[2] See United States v. Lawson, case no. 01-05041-01-CR-SW-3 (W.D. Mo.). See also, Ex. 1, Doc. 11.

[3] Ex. 3, Doc. 11.

[4] Ex. 4, Doc. 11.

[5] Ex. 4, Doc. 11.

[6] Ex. 3, Doc. 11.

[7] Ex. 4, Doc. 11.

[8] Ex. 5, Doc. 11.

struggling with a Missouri Sheriff's officer over a chrome-colored pistol and subsequently drawing a black pistol, which the officer knocked from his hand.[9] A search of Petitioner's person resulted in the finding of a white substance which tested positive for methamphetamine. Petitioner posted bond and was released from jail on September 25, 2001.[10] On December 19, 2001, the United States District Court of Missouri Grand Jury returned a one-count indictment based on these events and Petitioner's criminal history.

Petitioner, under a writ of habeas corpus *ad prosequendum* from the Jasper County jail to the Marshals Service, made his first appearance on February 4, 2002.[11] On February 27, 2002, Petitioner pled guilty. On March 6, 2002, Petitioner was returned under the writ to Jasper County.[12] After the disposition of several motions, Petitioner ultimately pled guilty on November 14, 2002.[13] Petitioner's federal sentence at issue was imposed on March 14, 2003.[14] On April 1, 2003, the Marshal's Service returned Petitioner to the Missouri Department of Corrections.[15] The Marshal's Service executed a detainer so that Petitioner could commence his federal sentence upon release from the Missouri Department of Corrections on

---

[9] Ex. 3, Doc. 11.

[10] Ex. 6, Doc. 11.

[11] Ex.2, 6, Doc. 11.

[12] Ex 2, Doc. 11.

[13] Ex. 7, Doc. 11.

[14] Ex. 2, Doc. 11.

[15] Ex. 2, Doc. 11.

March 11, 2004.[16]

### **Discussion**

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement.[17] Petitioners' federal sentence was imposed after November 1, 1987, thus Petitioner's federal sentence is governed by 18 U.S.C. § 3585. In this case, Petitioner prays the Court "force BOP to calculate present sentence to begin date of offense 9-18-2001." (Doc. 6).

18 U.S.C. § 3585(a) provides "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

Petitioner's request to begin his sentence date on September 18, 2001 is not

---

[16]Ex.1 and 2, Doc. 11.

[17]See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).

supported by statute or the sentencing court.[18] Thus, Petitioner is not entitled to an award of prior custody credit under 18 U.S.C. §3585(b). In sum, Petitioner has not demonstrated that the BOP erred in calculating his sentence in accordance with the terms of Petitioner's judgment of conviction and pursuant to applicable BOP regulations.[19]

## Conclusion

For the foregoing reasons and for the reasons stated in Respondent's response, the Petition is **DENIED with prejudice**. The Clerk is directed to enter judgment denying the Petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 12th day of February 2009.

UNITED STATES DISTRICT JUDGE

c:  Lonnie W. Lawson
    Counsel of Record

---

[18] The sentencing court stated this "sentence shall run consecutively to any undischarged term of imprisonment in Jasper County Circuit Court Case No. CR681-509F." See Ex. 2, Doc. 11.

[19] See BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984) available at http://www.bop.gov/DataSource/execute/dsPolicyLoc.